# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| DANNY JOHNSTON, | ) |
| *Plaintiff,* | ) |
| vs. | ) CASE NO. 6:23-CV-00413-JDK |
| PATRICIA ANN JOHNSTON, et al. | ) |
| *Defendants.* | ) |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE COURT:**

NOW COMES DANNY JOHNSTON, herein referred to as PLAINTIFF, complaining of PATRICIA ANN JOHNSTON and THE ESTATE OF THOMAS JOHNSTON, DECEASED, DEFENDANTS, and for cause of action show:

## PARTIES

1. DANNY JOHNSTON, PLAINTIFF, is an individual residing in Anderson County, Texas.

2. DEFENDANT PATRICIA JOHNSTON may be served pursuant to the certificate of service below.

3. DEFENDANT, ESTATE OF THOMAS JOHNSTON, DECEASED, may be served with process by serving the Independent Executor of the Estate, Patricia Johnston, wherever found.

# FACTS

4. PLAINTIFF has been in exclusive use and possession of the home and property surrounding the home located at 11340 FM 315, Palestine, Texas 75803 more particularly described as the James Hall Survey, Abstract 29, Block 1370, Tract 1B, Block 1371, Tracts 1A2 and 2B, located in Anderson County, Texas. Title to the property is currently recorded in the Official Public Records of Anderson County, Texas under the names of Thomas and Patricia Johnston. Thomas Johnston is currently deceased and Patricia Johnston is the duly appointed and acting Independent Executrix of the Estate of Thomas Johnston, Deceased pending in the County Court at Law of Anderson County, Texas.

5. DEFENDANTS assert an interest in the tract.

6. PLAINTIFF has been in possession of the land and had an agreement for conveyance of the land for which PLAINTIFF paid valuable consideration, constructed valuable improvements, and has remained continuously in possession of the property.

7. DEFENDANTS were aware of PLAINTIFF's possession of the property and consented to the possession of the property.

8. DEFENDANTS were also aware that PLAINTIFF was improving the property since PLAINTIFF believed he was the owner of equitable title to the land despite not having legal title to the property. The improvements were made with the consent, acquiescence and knowledge of DEFENDANTS. DEFENDANTS visibly witnessed the improvements being made and took no action to deter or stop the improvements from being made. More specifically, PLAINTIFF has spent approximately $85,850.00 making permanent improvements to the property including but not limited to installing a new driveway, aquatic control ponds, installing new window blinds, replacing garage door lock, repairing beaver damage to pond, replacing hall floor, main water

line repair at the barn, replacing frozen pipes under the trailer, replacing window AC units, repairing roof, new electric on back porch, electric repair on property, installation of security gate, installing new faucets, fireplace repair, remodeling of bedroom and two bathrooms, among many other items not consistent with a landlord-tenant relationship.

## SUIT FOR SPECIFIC PERFORMANCE
## EQUITABLE EXCEPTION TO STATUTE OF FRAUDS

9. PLAINTIFF and DEFENDANTS entered an agreement regarding DEFENDANTS' interest in the land. DEFENDANTS agreed to convey all right, title, and interest in and to the land to PLAINTIFF in exchange for PLAINTIFF continuing to maintain and upkeep the property, and to make payments as agreed between the parties. Since that time, PLAINTIFF has complied with all of the terms and conditions of the agreement.

10. Despite PLAINTIFF's compliance, DEFENDANTS have attempted to oust PLAINTIFF from the property. There has been no prior disagreement or misunderstanding between the parties regarding ownership of the land and that there in fact was an agreement entered into between PLAINTIFF and DEFENDANTS regarding the property.

11. PLAINTIFF has been acting in reliance on the agreement and has expended significant sums of money on the property for improvements. PLAINTIFF has been and continued to be ready, willing and able to continue compliance with the agreement but DEFENDANTS have failed, refused and neglected to abide by the terms of the agreement. By standing by and watching the performance being made by PLAINTIFF, DEFENDANTS are estopped to claim the defense of the statute of frauds.

12. It would constitute a fraud on PLAINTIFF to allow DEFENDANTS to hide behind the statute of frauds. The equitable exception to the statute of frauds pursuant to *Hooks vs. Bridgewater*, 229 S.W. 1114 (Tex. 1921) applies to the facts of this case as outlined herein.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**          Page 3 of 6 Pages

13. PLAINTIFF requests specific performance of the agreement. DEFENDANTS should be adjudicated to be bound by the contract and should be enjoined from interfering with PLAINTIFF's use and possession of the property.

## UNJUST ENRICHMENT AND EQUITABLE LIEN

14. Alternatively, PLAINTIFF pleads that improvements were made to the above described property. PLAINTIFF has spent approximately $85,850.00 making permanent improvements to the property including but not limited to installing a new driveway, aquatic control ponds, installing new window blinds, replacing garage door lock, repairing beaver damage to pond, replacing hall floor, main water line repair at the barn, replacing frozen pipes under the trailer, replacing window AC units, repairing roof, new electric on back porch, electric repair on property, installation of security gate, installing new faucets, fireplace repair, and remodeling of bedroom and two bathrooms. PLAINTIFF has not been compensated for these improvements and the improvements were not a gift to DEFENDANTS.

15. As a direct result of PLAINTIFF's performance of the foregoing improvements, a benefit was conferred on DEFENDANTS in that the property owned by DEFENDANTS has been enhanced as a direct result of the work performed by PLAINTIFF.

16. DEFENDANTS accepted the benefit of PLAINTIFF's services, knew of the benefit that was being conferred, and consented to the service and work that was performed by PLAINTIFF.

17. The reasonable value of the work that was performed by PLAINTIFF is the sum of $85,850.00 which includes labor and materials.

18. DEFENDANTS have refused to acknowledge the work performed by PLAINTIFF and has refused to pay. DEFENDANTS will be unjustly enriched in the amount claimed by

PLAINTIFF if allowed to retain the benefit of the work performed without payment for the reasonable value for the work performed by PLAINTIFF to DEFENDANTS described above.

19. PLAINTIFF further requests that an equitable lien against the real property described herein by established and declared by the court to secure payment of the work that was performed by PLAINTIFF. PLAINTIFF further requests that upon trial, the Court authorize foreclosure of the equitable lien to secure payment for the work that was performed to enhance the value of the real property.

## ATTORNEY'S FEES

20. PLAINTIFF was required to employ the undersigned attorney and agreed to pay a reasonable and necessary fee. DEFENDANTS should be ordered to pay these fees to PLAINTIFF under Chapter 38 of the Texas Civil Practices & Remedies Code.

WHEREFORE, PLAINTIFF requests that DEFENDANTS be cited to appear and answer, and that on final trial, PLAINTIFF have:

1. A declaration as to the existence of the contract regarding the subject property the subject of this suit and for title to and possession of the real property which is the subject matter of this suit.
2. Costs of suit.
3. Reasonable attorney's fees for trial and appeal as pleaded.
4. Postjudgment interest as provided by law from the date of judgment until paid.
5. Such other and further relief to which plaintiffs may be justly entitled.

Respectfully submitted,

By: */s/ Jeffrey L. Coe*
Jeffrey L. Coe
Attorney at Law
State Bar No. 24001902

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**            Page 5 of 6 Pages

603 E. Lacy St.<br>
P.O. Box 1157<br>
Palestine, TX  75802-1157<br>
Tel. (903) 723-0331; Fax. (888) 651-6851<br>
Email:  jeff@coelawfirm.com<br>
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION was served via the Court's electronic filing system upon all counsel of record this December 1, 2023.

*/s/ Jeffrey L. Coe*
Jeffrey L. Coe
Attorney for Plaintiff Danny Johnston