IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DANNY JOHNSTON, | § |
| *Plaintiff and Counter-Defendant.* | § |
| v. | § |
| PATRICIA ANN JOHNSTON, | § CASE NO. 6:23-CV-00413-JDK-KNM |
| *Defendant and Counter-Plaintiff.* | § |
| v. | § |
| EAST TEXAS OIL FIELD CONSTRUCTION, LLC, | § |
| *Counter-Defendant.* | § |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b). Doc. 15. Before the Court is defendant/counter-plaintiff's motion for default judgment as to East Texas Oil Field Construction, LLC. Doc. 40. Upon consideration of the applicable filings and the relevant law, the Court **RECOMMENDS** that counter-plaintiff's motion for default judgment (Doc. 40) be **DENIED without prejudice**.

### BACKGROUND

On August 22, 2023, Patricia Johnston brought counterclaims against Danny Johnston for trespass and breach of oral lease, and against both Danny Johnston and East Texas Oil Field Construction, LLC ("ETOFC") for breach of contract and foreclosure of lien.[1] ETOFC's attorney, Mr. Jeffrey Coe, filed a motion to withdraw as counsel on November 14, 2023.[2] After giving time

---

[1] Doc. 5.
[2] Doc. 24.

for ETOFC to search for new counsel, the Court granted the motion on January 30, 2024.[3] The Court explained in its January order that ETOFC may only appear in federal court through licensed counsel because it is an LLC.[4] The Court ordered ETOFC to retain licensed counsel to represent it within 30 days.[5] The Court also warned ETOFC that Patricia Johnston should be permitted to seek the entry of default and a default judgment against ETOFC if it did not retain licensed counsel.[6] Thirty days from January 30, 2024, elapsed on February 29, 2024. No licensed attorney has entered a written appearance on behalf of ETOFC. Patricia Johnston filed a motion for default judgment against ETOFC on April 5, 2024.[7]

## LEGAL STANDARD

Under Rule 55(a), the entry of a default is required "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Courts have noted that "[t]he failure by a limited liability company, corporation, or partnership to comply with a court order that it appear through counsel constitutes a failure to defend a civil action, and a court should direct the clerk of the court to enter a default in such cases." *Alternative Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021) (collecting cases); *Shapiro, Bernstein & Co. v. Cont'l Record Co.,* 386 F.2d 426, 427 (2d Cir.1967) (holding that a corporate defendant who filed an answer through attorney who later withdrew, and who failed to obey court order to appoint new counsel so case could proceed to trial, was in default for failure to 'otherwise defend').

---

[3] Doc. 37.
[4] Doc. 37 at 1 (citing *Huffines Retail Partners, LP v. Atlas Apartments Acquisition, LLC*, No. 3:19-CV-2425, 2021 WL 965920, at *2 (N.D. Tex. Feb. 17, 2021), *report and recommendation adopted sub nom., HC Operating, LP v. Atlas Apartments Acquisition, LLC*, No. 3:19-CV-2425, 2021 WL 963755 (N.D. Tex. Mar. 15, 2021)). The Court also admonished ETOFC that it must appear through licensed counsel at the hearing on Mr. Coe's motion to withdraw (Doc. 26), and in an order memorializing the hearing (Doc. 27).
[5] Doc. 37 at 2.
[6] Doc. 37 at 2.
[7] Doc. 40.

Before it may enter default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject-matter jurisdiction).

## ANALYSIS

### I. Patricia Johnston's motion for default judgment should be construed as a motion for clerk's entry of default

Patricia Johnston's motion requests both entry of default and default judgment.[8] "Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." *Can Cap. Asset Servicing, Inc. v. Huerta, Jr.*, No. 15-CV-1049, 2016 WL 8223267, at *1 (W.D. Tex. Mar. 31, 2016) (citing Fed. R. Civ. P. 55). "An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Because Patricia Johnston has not yet obtained entry of default as required by Rule 55(a), her motion for default judgment should be construed as a motion for clerk's entry of default.

### II. Patricia Johnston's counterclaims against ETOFC are permissive

The classification of Patricia Johnston's counterclaims as compulsory or permissive matters for the Court's subject-matter jurisdiction analysis. While a compulsory counterclaim falls within the supplemental jurisdiction of the federal courts, a permissive counterclaim must have an independent jurisdictional basis. *See Plant v. Blazer Fin. Servs., Inc. of Ga.,* 598 F.2d 1357, 1359

---

[8] Doc. 40 at 5–6.

3

(5th Cir. 1979); *Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.,* 426 F.2d 709, 714 (5th Cir. 1970).

To determine whether a counterclaim is compulsory, the Court asks (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on a defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaims. *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992).

Patricia Johnston's counterclaims against ETOFC are for breach of contract and foreclosure of lien.[9] Danny Johnston's unjust enrichment claim raises none of the same issues of fact or law as Patricia Johnston's counterclaims for breach of contract and foreclosure of lien.[10] There is no indication that the same evidence will support both claims. Patricia Johnston's counterclaims for breach of contract and foreclosure of lien are permissive, and these counterclaims must have an independent jurisdictional basis.

### III.  Patricia Johnston's complaint does not prove a basis for this Court's exercise of diversity jurisdiction

The clerk should not enter default against ETOFC at this juncture because Patricia Johnston's complaint does not provide a basis for the Court's exercise of subject-matter jurisdiction over Patricia Johnston's counterclaims.

Patricia Johnston asserts that the basis for the Court's subject-matter jurisdiction over these counterclaims is diversity jurisdiction.[11] Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

---

[9] Doc. 5 at 6.
[10] Doc. 31.
[11] Doc. 5 at 1.

4

and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

Under Federal Rule of Civil Procedure 8(a)(1), pleadings must allege the basis of jurisdiction. Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). An allegation of residence does not satisfy the requirement of an allegation of citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)). Citizenship must be "distinctly and affirmatively alleged." *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980).

To properly allege diversity jurisdiction under § 1332, Patricia Johnston must allege that all persons on one side of the controversy are citizens of different states than all persons on the other side. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). Patricia Johnston's complaint alleges that Patricia Johnston is a resident of Louisiana, and that Danny Johnston is a resident of Texas.[12] However, allegations regarding the residence of Patricia Johnston and Danny Johnston do not satisfy the requirement of an allegation of citizenship. *See Strain*, 742 F.2d at 889.

The complaint alleges that ETOFC is a limited liability company "formed under the laws of the State of Texas with its principal place of business in Palestine, Texas."[13] For limited liability companies, § 1332 citizenship is determined by the citizenship of "all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To establish diversity jurisdiction,

---

[12] Doc. 5 at 1.
[13] Doc. 5 at 1.

5

Patricia Johnston therefore must specifically allege the citizenship of every member of ETOFC. *See SXSW, L.L.C.*, 83 F.4th at 408. She does not do so in the complaint.

In summary, Patricia Johnston's complaint does not provide a basis for this Court's exercise of jurisdiction because she does not distinctly and affirmatively allege the citizenship of all the parties. However, Patricia Johnston's *response* to ETOFC's motion to dismiss does allege that Patricia Johnston is a citizen of Louisiana and Danny Johnston is a citizen of Texas.[14] Patricia Johnston's response also alleges that Danny Johnston is the sole member of ETOFC, meaning that ETOFC is a citizen of Texas.[15] In addition, Patricia Johnston's notice of removal regarding Danny Johnston's action for breach of oral contract states that Patricia Johnston is a citizen of Louisiana and Danny Johnston is a citizen of Texas.[16]

While Patricia Johnston's complaint contains a procedural defect, in two other pleadings (the notice of removal and the response to ETOFC's motion to dismiss), Patricia Johnston "distinctly and affirmatively" alleges the citizenship of the parties to this action. Courts have found that "defective pleading can be cured by looking to the whole record." *Fawvor v. Texaco, Inc.*, 387 F.Supp. 626, 628 (E.D.Tex.1975), *rev'd on other grounds*, 546 F.2d 636 (5th Cir.1977); *See also Anzen Bio, LLC v. Alderon Biosciences, Inc.*, No. 2:05CV570, 2005 WL 2978320, at *1 (D. Utah Nov. 7, 2005) (citing *Baer v. United Services Automobile Association,* 503 F.2d 393, 397 (2d Cir.1974)) ("It has been held that a jurisdictionally defective complaint can be regarded as satisfactorily amended if the record as a whole establishes the existence of the required diversity of citizenship between the parties.").

---

[14] Doc. 20 at 1.
[15] Doc. 5 at 1.
[16] Doc. 1 at 2.

Furthermore, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section 1653 "should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of parties." *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 66 (5th Cir. 2010). Given that Patricia Johnston's other pleadings adequately allege the citizenship of herself, Danny Johnston, and ETOFC, the technical defects in her complaint can be cured by amendment. Pursuant to § 1653, the Court recommends that Patricia Johnston be granted leave to file an amended complaint that adequately alleges diversity jurisdiction.

## CONCLUSION

The Court recommends **DENYING** Patricia Johnston's motion for default judgment against ETOFC (Doc. 40) without prejudice. Patricia Johnston should be granted leave to file an amended complaint that adequately alleges diversity jurisdiction.

**The clerk shall send this Report and Recommendation** to Danny Johnston at his last known address: 12990 FM 315, Palestine, Texas 75803, via certified mail, return receipt requested. The undersigned has been notified that certified mail recently sent by the Court to Danny Johnston was returned as "undeliverable."[17] For this case to proceed, it is imperative that Danny Johnston accept correspondence from the Court. If Danny Johnston continues to fail to claim mail from the Court, his own claims against Patricia Johnston may be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific

---

[17] Doc. 39.

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 19th day of April, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE