IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DANNY JOHNSTON, | § | |
| | § | |
| Plaintiff and Counter-Defendant. | § | |
| | § | |
| v. | § | |
| | § | |
| PATRICIA ANN JOHNSTON, | § | |
| | § | CASE NO. 6:23-CV-00413-JDK-KNM |
| Defendant and Counter-Plaintiff. | § | |
| v. | § | |
| | § | |
| EAST TEXAS OIL FIELD | § | |
| CONSTRUCTION, LLC, | § | |
| | § | |
| Counter-Defendant. | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b). Doc. 15. Before the Court is Patricia Johnston's Motion for Contempt and Sanctions Against Danny Johnston. Doc. 14. The Court held a status conference on June 13, 2024. Doc. 55. Mr. Johnston, who is currently proceeding *pro se*, was present at the status conference. Doc. 55. Counsel for Ms. Johnston also attended. Doc. 55. At the status conference, the Court addressed the pending Motion for Contempt and Sanctions. Doc. 14. The Court advised Mr. Johnston that he should file a response to the extent he opposed the Motion. Mr. Johnston expressed interest in retaining counsel. Therefore, the Court stated that it would grant Mr. Johnston additional time to respond. After the status conference, the Court entered an order stating that Mr. Johnston had until June 25, 2024, to respond to the Motion. Doc. 54. Mr. Johnston filed a timely response. Doc. 60.

1

Recognizing that a Magistrate Judge's authority in civil contempt actions is limited under Section 636(e)(6)(B)(iii), the Court issues the following Report and Recommendation.

## BACKGROUND

On June 27, 2023, Mr. Johnston filed this lawsuit in state court. *See* Doc. 1-2. Ms. Johnston removed the case to this Court on August 17, 2023. Doc. 1. The parties submitted an agreed temporary injunction (Doc. 6), which the Court entered on August 29, 2023. Doc. 7.

The Agreed Temporary Injunction prevented Mr. Johnston and anyone acting in concert with or on behalf of Mr. Johnston from interfering with Ms. Johnston's contract to sell the real property and improvements located at 11340 F.M. 315, Palestine, Texas 75803 (the "Premises") and the activities relating to the sale including, without limitation: "[d]irectly or indirectly interfering with or preventing, in any manner, any person or persons from entering upon, moving about, or entering any improvement on, the Premises for the purpose of surveying the Premises." Doc. 7 at 1.

Ms. Johnston contends that Mr. Johnston violated the Agreed Temporary Injunction by denying land surveyors access to the Premises on September 27, 2023. Ms. Johnston requests that the Court hold Mr. Johnston in contempt and order Mr. Johnston to pay her the sum of $3,685.69 (at a minimum) as a sanction to "coerce [Mr. Johnston's] compliance with the Court's order and to compensate [Ms. Johnston] for her loss stemming from his disobedience." Doc. 14 at 3.

## LEGAL STANDARD

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. U.S.*, 493 U.S. 265, 276 (1990); *In re Bradley*, 588 F.3d 254, 265 (5th Cir. 2009) ("[C]ivil contempt remains a creature of inherent power."). Civil contempt services two purposes: "It can be used to enforce compliance with a court's order through coercion, or it can be

2

used to compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961-62 (5th Cir. 1995). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Id.*

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.,* 959 F.2d 45, 47 (5th Cir.1992). In the contempt context, "clear and convincing evidence" is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford,* 68 F.3d 958, 961 (5th Cir.1995) (internal quotation marks omitted).

To determine compliance with an order, the court asks whether the respondent has done what was required; "[i]f he has not, the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995).

Magistrate judges have limited power to address contempt. *See* 28 U.S.C § 636(e). Where, as here, the matter is referred to a magistrate judge under 29 U.S.C § 636(b), a certification process is used. Specifically,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be

adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6). The magistrate judge may only certify to the district judge (or deny certification of) facts possibly constituting contempt. *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999).

## CERTIFIED FACTUAL FINDINGS

The first two elements necessary for a civil contempt finding have been established. The Court's August 29, 2023, order enjoined Mr. Johnston from "directly or indirectly" interfering with or preventing any person from entering the Premises for the purpose of surveying the Premises. Doc. 7 at 1.

The remaining issue is element three—whether Mr. Johnston has failed to comply with the Court's order. Ms. Johnston puts forth the following evidence to support a finding of civil contempt:[1]

1. Ms. Johnston paid $880.69 for Canyon Land Surveying to conduct a survey of the Premises. Doc. 14-1.

2. Ms. Johnston's counsel informed Mr. Johnston's then-retained counsel that the survey would occur on September 27, 2023. Doc. 14-2. More specifically, one day prior, Ms. Johnston's counsel sent an email to Mr. Johnston's counsel stating the following: "[p]lease note that the buyers' surveyor is going to the 11340 FM 315 property tomorrow to conduct the survey needed for the title work. Please pass this

---

[1] At the June 13 status conference, counsel for Ms. Johnston stated Ms. Johnston does not request an evidentiary hearing and is "comfortable with the evidence that has been briefed." *See* Doc. 55 Status Conference on June 13, 2024.

4

       information along to Mr. Johnston so that he can let them onto the property per the agreed temporary injunction." Doc. 14-2 at 4.

3. When the surveyors went to the Premises to conduct the survey, a metal gate with a "no trespassing" sign blocked their access to the Premises. Doc. 14-3; 14-4. They waited for someone to open the gate, but no one did. Doc. 14-3; 14-4. They therefore left the Premises without being able to complete their survey as planned. Doc. 14-3; 14-4.

In response to Ms. Johnston's motion, Mr. Johnston states that he did not receive notice that a survey would take place on September 27, 2023. Doc. 60-1 at 1. He states that he was not on the property when the surveyors visited, did not deny access, and did not prevent the surveyors from conducting a survey. Doc. 60-1 at 1. He notes that at a later point, a survey was successfully conducted. Doc. 60-1 at 2. He was given notice of this survey, and the survey was completed as requested without issue. Doc. 60-1 at 2.

Here, Ms. Johnston has not produced evidence sufficient to produce "a firm belief or conviction as to the truth of the allegations sought to be established, [or] evidence so clear, direct and weighty and convincing as to enable [the undersigned] to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *See Travelhost*, 68 F.3d at 961. There is no evidence that counsel for Mr. Johnston received the email notifying him of the survey date. There is no evidence that—assuming Mr. Johnston's counsel did know of the planned survey—he passed this information along to Mr. Johnston. In fact, Mr. Johnston states that he did not receive any notice of the September 27, 2023, survey and states he was not on the property at that date.

## **RECOMMENDATION**

Based on the evidentiary record, the undersigned does not find clear and convincing evidence that Mr. Johnston failed to comply with the Court's August 29, 2023 order. The undersigned **RECOMMENDS** that Ms. Johnston's Motion for Contempt and Sanctions (Doc. 14) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 8th day of July, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE